```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Julie A Schweitzer,            :

     Plaintiff,            :

   v.                            :       Case No. 2:09-cv-1096

Michael J. Astrue,             :       JUDGE HOLSCHUH
Commissioner of Social Security,
                               :
     Defendant.

### REPORT AND RECOMMENDATION

This is a social security disability case. On March 17, 2010, when the plaintiff's statement of errors was due, plaintiff filed a motion to remand in lieu of a statement of errors. The Commissioner has responded to the motion. No reply brief has been filed. For the following reasons, it will be recommended that the motion for remand be denied.

### I.  The Motion to Remand

The motion for remand is very straightforward. This case involves a denial of applications for both social security disability benefits and supplemental security income. Both applications alleged disability beginning on June 1, 2001. Both applications were denied on June 2, 2009.

On June 11, 2009, plaintiff filed a new application for SSI benefits. That application was granted on November 27, 2009. A copy of the decision awarding benefits beginning on July 1, 2009, is attached to the motion to remand. Plaintiff's memorandum in support of her motion to remand makes additional representations about the basis for the award and about the content of the medical records submitted in support of the new application, but these representations are not supported by any evidence or affidavits, and there are no medical records attached to the motion. Plaintiff argues that these records contain evidence

about her intestinal disorder, which was found not to be severe by the Administrative Law Judge who ruled on the applications at issue in this case. She claims the records submitted in support of her more recent application show that her intestinal disorder is not only severe but disabling, and that the Court should remand the case to the Commissioner under 42 U.S.C. §405(g), sentence six, for consideration of this evidence.

## II.  The Commissioner's Response

The Commissioner's response is also straightforward. The Commissioner makes no argument about the content of the records submitted in support of plaintiff's more recent, successful application for SSI benefits, nor any argument about whether they might qualify as "new" and "material" for purposes of determining that a sentence six remand is appropriate. Rather, citing to Allen v. Commissioner of Social Security, 561 F.3d 646, 653 (6th Cir. 2009), the Commissioner argues that proof of a subsequent award of benefits, standing alone, cannot support a sentence six remand, and that because the record before this Court does not contain any of the medical records which plaintiff relies on to support her motion, the motion cannot be granted. As noted above, plaintiff has not filed a reply brief, nor has she supplemented the record with the new evidence cited in her motion.

## III.  Legal Analysis

The Court's analysis of the motion to remand, at least in its present posture, begins and ends with the Court of Appeals' decision in Allen. The plaintiff in Allen had applied for benefits while a prior unfavorable decision of an Administrative Law Judge was on appeal to the Appeals Council. That subsequent application was granted, and plaintiff was found to be suffering from a disability that began one day after the date of the ALJ's unfavorable decision. There, as here, the plaintiff argued that

-2-

the mere fact that he had been found to be disabled based on a subsequent application entitled him to a remand.

The Court of Appeals squarely rejected that argument. It held as follows:

> The subsequent determination that Allen was disabled does not warrant a remand of his initial benefits denial. Sentence six of 42 U.S.C. §405(g) describes a situation where a court can remand a case to the agency:
>
>> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.
>
> Allen argues that his subsequent favorable decision finding him disabled beginning the day after the initial decision denying benefits constitutes new and material evidence justifying remand under §405(g). The magistrate judge correctly found that a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under §405(g). Therefore, Allen did not meet his burden of showing that remand is proper under this section. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988).

Allen, 561 F.3d at 652-53. The Court of Appeals also concluded that the fact that a new, favorable decision makes it "possible" to conclude that there is new and material evidence is insufficient to satisfy the statutory requirement of a "showing" that such evidence exists. Id. at 653.

The Court cannot distinguish the facts of this case from the facts of Allen. Without being given an opportunity to review the evidence which is alleged to be "new" and "material," the Court

-3-

can make no evaluation of whether it is either.  Further, plaintiff has not presented any evidence or argument on the question of whether good cause existed for not submitting this evidence to the Commissioner in connection with her earlier applications.  That showing must also be made before a sentence six remand can be ordered.  <u>See Willis v. Secretary of H.H.S.</u>, 727 F.2d 551 (6th Cir. 1984).  Therefore, there is no basis for granting the motion for remand as filed, and the motion should be denied.

## IV. <u>Recommended Disposition</u>

For the foregoing reasons, it is recommended that the plaintiff's motion for remand (#13) be denied and that plaintiff be directed to file a statement of errors within twenty-one days of the date of any order adopting this recommendation.

## V. <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a

waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge